GAUDIN, Judge.
On November 28, 1984, Robert J. Benoit Jr. entered into a stipulation regarding child support. The juvenile judge then issued an order in accord with LSA-R.S. 14:75.
Subsequently, Benoit moved to set aside the stipulation and to quash all orders therefrom, relying on State v. Broussard, 490 So.2d 273 (La.1986). The juvenile judge denied Benoit’s motions, resulting in this appeal.
In Broussard, the Supreme Court of Louisiana reversed a contempt conviction because the appellant had not been advised of his Boykin rights before entering into the same kind of stipulation Benoit had entered into in 1984.
At issue now is whether Broussard should be given retroactive effect. In State v. St. Pierre, 515 So.2d 769 (La.1987), the Louisiana Supreme Court stated:
"... we hold that the extension of Boy-kin applies only in those cases where R.S. 14:75 stipulations either were entered after the effective date of our judgment in Broussard, or were the subject of a direct appeal which was pending on that date.”
The juvenile judge, accordingly, was procedurally correct in refusing to void Be-noit’s pre-Brou^sard stipulation, which was not the subject of a direct appeal.
The record reflects that Benoit was represented by counsel on November 28, 1984 when the support stipulation was entered into. Benoit then agreed, after a pre-trial conference and after consultation with his attorney, to pay $400.00 per month for the care and maintenance of his minor children.
For these reasons, we affirm the juvenile court judgment denying Benoit’s motions.
AFFIRMED.